**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10231 |
| Plaintiff-Appellee, | D.C. No. 4:22-cr-00016-HSG-1 |
| v. | |
| JAMES THEODORE HIGHHOUSE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted July 18, 2023[**]

Before:     SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

James Theodore Highhouse appeals from the district court's judgment and

challenges his guilty-plea convictions and aggregate 84-month sentence for two

counts of sexual abuse of a ward, two counts of abusive sexual contact, and one

count of making false statements, in violation of 18 U.S.C. §§ 2243(b), 2244(a)(4),

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and 1001, respectively. Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Highhouse's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Highhouse the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

Highhouse waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). We accordingly dismiss the appeal except as to supervised release special conditions 4 and 12, which we vacate and remand for the district court to modify in a manner consistent with *United States v. Nishida*, 53 F.4th 1144, 1151-55 (9th Cir. 2022).

We also remand with instructions to correct the amended written judgment to conform to the unambiguous oral pronouncement of sentence by (1) suspending the drug testing condition and (2) imposing a one-year term of supervised release on Count 5. *See United States v. Hernandez*, 795 F.3d 1159, 1169 (9th Cir. 2015) (unambiguous oral pronouncement of sentence controls over inconsistent written judgment). In addition, we remand to correct the statutory citation for Counts Three and Four to 18 U.S.C. § 2244(a)(4).

Counsel's motion to withdraw is **GRANTED.**

**DISMISSED in part; VACATED in part; and REMANDED with instructions.**